# Turner *v.* Vogan, Appellant.

*Note—Judgment note—Wrongful entry of judgment—Damages for injuries from sale under execution.*

Where the holder of a judgment note enters judgment thereon and issues execution in violation of a verbal agreement, based on a valuable consideration, to cancel or surrender the note, and such agreement is made after the note was given, but before judgment is entered on it, the plaintiff may be held liable in an action of assumpsit for the injury to the defendant resulting from the sale of the latter's property under the execution. Such an action of assumpsit does not attack the judgment collaterally.

Argued May 12, 1915. Appeal, No. 93, April T., 1915, by defendant, from judgment of C. P. Mercer Co., Oct. T., 1910, No. 109, on verdict for plaintiff in case of C. Q. Turner v. J. P. Vogan. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit to recover damages for breach of a parol

contract to surrender and cancel certain judgment notes.
Before WILLIAMS, P. J.

At the trial it appeared that on Dec. 2, 1907, the plaintiff, Turner, purchased from a certain D. I. Dale, his blacksmithing business in Franklin, Pa., including tools, stock and all equipment, for the price of $250.00, payable $50.00 in cash, and the balance April 1, 1908. On the same date Turner borrowed from Vogan, the defendant, $50.00, the cash payment, giving his judgment note to said Vogan for said amount due in thirty days, and on same date gave his judgment note to D. I. Dale, from whom he purchased the blacksmithing business, for $200.00, due April 1, 1908. This last note the defendant, Vogan, signed as surety for Turner. Within thirty days thereafter, Turner, wishing to leave Franklin, claimed that he made a parol contract with Vogan, by which Vogan agreed to cancel the $50.00 note which he held against Turner, also pay off and cancel the judgment note held by Dale, and, in consideration for so doing, he received a bill of sale for the blacksmithing business. Turner soon after left Franklin, leaving all the stock he had purchased of Dale, together with what he had purchased in addition, going to California. Vogan, however, did not cancel the notes, but, on March 2, 1908, paid Dale the $200.00 note and took an assignment of same, and obtained judgment thereon by confession at No. 265 January Term, 1908, on March 3, 1910, and also on September 1, 1908, filed the note for $50.00 and obtained judgment thereon by confession at No. 293 June Term, 1908.

On March 5, 1910, Vogan issued execution on the $200.00 judgment, No. 265 January Term, 1908, this being the judgment confessed upon the note he had purchased from Dale, and the sheriff of Mercer County levied upon Turner's land in Sandy Lake Township, Mercer County, Pa., and sold the same on April 18, 1910, for the sum of $475.00. The amount distributed to the Vogan judgments was the sum of $336.40.

Turner had no notice of all these proceedings, being in the State of California, and it was not until he returned to Pennsylvania in the fall of 1910 that he learned of the sale of his property.

Verdict for plaintiff for $463.97. On a rule for judgment n. o. v. WILLIAMS, P. J., filed an opinion, the material portion of which was as follows:

The material facts established by the verdict of the jury are that in consideration of the execution and delivery by the plaintiff to him of a bill of sale for said blacksmithing business, tools, equipment, etc., the defendant entered into a verbal agreement with the plaintiff to surrender to him said $50.00 note and to pay and cancel said $200.00 note when it became due, as claimed by the plaintiff, and that in violation of the agreement so made the defendant entered judgment on said notes and by virtue of an execution issued on the judgment entered on said $200.00 note had the sheriff levy upon and sell the interest of the plaintiff in the real estate mentioned in the plaintiff's statement of claim. The only question for our consideration on this rule is whether or not upon the facts thus established the plaintiff is entitled to recover in this action. No question is raised as to the form of the action or to the measure of the plaintiff's damage, but the only matter presented for our consideration is the single question as to the plaintiff's right to recover at all.

The contention of the learned counsel for the defendant, and which was argued with great force and ability, is that this suit is, in effect, a suit to recover back money collected by execution on a valid subsisting judgment. The general and well established principle undoubtedly is that while a judgment remains of record unopened or unreversed, an action to recover money collected by execution thereon cannot be maintained. In support of this well understood principle the learned counsel for the defendant cite the following cases: Ogle v. Baker, 137 Pa. 378; Federal Insurance Company v. Robinson, 82

Pa. 357; Braddee v. Brownfield, 4 Watts 474, and Rapalje v. Emory, 2 Dallas 51. If, then, the case at bar is within the general principle sustained by the authorities cited, the rule for judgment in favor of the defendant, non obstante veredicto, should be made absolute; otherwise it should be discharged.

A careful consideration of the case at bar in the light of the general principle invoked by the learned counsel for the defendant and of the cases cited by them to sustain it has failed to convince us that it is within the principle invoked or that it is ruled by any of the cases cited. In each of the cases cited there was either an attempt to recover back the money collected by execution on the judgment or to attack the validity of the judgment collaterally; while in the case at bar the validity of the judgment is not put in issue by the pleadings or the evidence in the case, nor is it sought to recover back the money raised by the execution issued on said judgment.

The plaintiff declares on an alleged parol agreement made by the defendant with him and for a breach of said agreement by the defendant the plaintiff seeks to recover compensation in damages which he estimates at the sum of $750.00. The case was first heard before three members of the bar, who had been chosen as arbitrators, and who made an award of $602.04 in favor of the plaintiff. From the award thus made the defendant appealed, and on the trial of said appeal the jury rendered a verdict in favor of the plaintiff for $463.97.

It seems to us that the action here is clearly distinguishable from a suit by a defendant to recover back money collected on an execution issued on a subsisting judgment against him. In such a case the judgment, until vacated or reversed, is conclusive of the plaintiff's right to recover against such a defendant. In the case at bar the action is not for the recovery of money paid by the plaintiff on a judgment or on an execution issued on a judgment against the plaintiff, but the action is for the

351, (1915).] Opinion of Court below—Arguments.

recovery of damages for the breach of a verbal contract concerning the notes on which said judgments were subsequently entered. The notes on which said judgments were entered are under seal; hence the right of the holder thereof to enter judgment thereon could not be taken away by a mere verbal agreement. But if the holder of such a note should enter judgment thereon and issue an execution in said judgment in violation of a verbal agreement, based on a valuable consideration, to cancel or surrender said notes to the maker, why should he not be compelled to answer in damages for his breach of such a contract? Such an action does not attack the judgment collaterally, but concedes its validity as a judgment, and as such sufficient to support the execution by which the sheriff sold the plaintiff's property in his absence from the State and without his knowledge.

As already noted, the verdict of the jury establishes said verbal agreement sued on, the breach thereof by the defendant and the amount of the damages sustained by the plaintiff by reason of said breach. This we think is sufficient to entitle the plaintiff to recover. No question is raised as to the form of the action or as to the measure of the plaintiff's damage, nor was any exception taken as to the manner in which these matters were submitted to the jury; hence these questions need not here be discussed.

Finding nothing in the case to warrant us in disturbing the verdict of the jury, the rule for judgment in favor of the defendant, non obstante veredicto, must be discharged.

*Error assigned* was in refusing judgment for defendant n. o. v.

*S. H. Miller,* with him *W. G. Barker* and *Homer G. Blair,* for appellant, cited: Federal Ins. Co. v. Robinson, 82 Pa. 357; Rapalje v. Emory, 2 Dall. 231; Ogle v. Baker, 137 Pa. 378; Braddee v. Brownfield, 4 Watts 474.

Opinion of the Court.    [61 Pa. Superior Ct.

*J. R. W. Baker,* with him *T. C. Cochran,* for appellee.

OPINION BY ORLADY, J., October 11, 1915:

Every question raised by the assignments of error is fully considered in the elaborate opinion filed by the trial judge in refusing judgment for the defendant non obstante veredicto. We agree with the conclusion reached therein, and the judgment is affirmed.